**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INCYTE CORP. and INCYTE HOLDINGS CORP.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GRANULES INDIA LTD.,**<br><br>**Defendant.** | **Civil Action No. 2:26-cv-999**<br><br>**(Filed Electronically)** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (together, "Incyte"), by their undersigned attorneys, for their Complaint against Defendant Granules India Ltd. ("Granules") allege as follows:

**Nature of the Action**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq*., in particular under 35 U.S.C. § 271, arising from Granules's submission of Abbreviated New Drug Application ("ANDA") No. 221826 ("Granules's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Incyte's Jakafi XR™ (ruxolitinib extended-release) 11 mg, 22 mg, 33 mg, 44 mg, and 55 mg tablets, prior to the expiration of United States Patent Nos. 10,874,616 (the "'616 patent"); 11,337,927 (the "'927 patent"); 11,576,864 (the "'864 patent"); 11,576,865 (the "'865 patent"); and 11,896,717 (the "'717 patent") (collectively, the "patents-in-suit"). The patents-in-suit are owned by Incyte Corporation and/or Incyte Holdings Corporation.

## The Parties

2. Plaintiff Incyte Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

3. Plaintiff Incyte Holdings Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

4. On information and belief, Defendant Granules India Ltd. is a corporation organized and existing under the laws of India, with a principal place of business at 15th Floor, Granules Tower, Botanical Garden Road, Kondapur, Hyderabad 500084, Telangana, India.

5. On information and belief, Granules, together with its subsidiaries, manufactures and markets pharmaceutical products in India, the United States, Europe and internationally.

## The Patents-in-Suit

6. On December 29, 2020, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '616 patent, entitled, "Sustained-Release Dosage Forms of Ruxolitinib." A copy of the '616 patent is attached hereto as Exhibit A.

7. On May 24, 2022, the USPTO duly and lawfully issued the '927 patent, entitled, "Sustained-Release Dosage Forms of Ruxolitinib." A copy of the '927 patent is attached hereto as Exhibit B.

8. On February 14, 2023, the USPTO duly and lawfully issued the '864 patent, entitled, "Sustained-Release Dosage Forms of Ruxolitinib." A copy of the '864 patent is attached hereto as Exhibit C.

9. On February 14, 2023, the USPTO duly and lawfully issued the ’865 patent, entitled, “Sustained-Release Dosage Forms of Ruxolitinib.” A copy of the ’865 patent is attached hereto as Exhibit D.

10. On February 13, 2024, the USPTO duly and lawfully issued the ’717 patent, entitled, “Sustained-Release Dosage Forms of Ruxolitinib.” A copy of the ’717 patent is attached hereto as Exhibit E.

11. Pursuant to 35 U.S.C. § 282, each of the patents-in-suit is presumed valid.

**The Jakafi XR™ Drug Products**

12. Incyte Corporation holds an approved New Drug Application (“NDA”) under Section 505(a) of the Federal Food Drug and Cosmetic Act (“FFDCA”), 21 U.S.C. § 355(a) for Jakafi XR™ (ruxolitinib extended-release) (NDA No. 217180).

13. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication entitled “Approved Drug Products with Therapeutic Equivalence Evaluations” (the “Orange Book”), with respect to Jakafi XR™.

14. The FDA-approved prescribing information for Jakafi XR™ instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Jakafi XR™ according to one or more of the methods claimed in the patents-in-suit.

**Jurisdiction and Venue**

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16. This Court has personal jurisdiction over Granules by virtue of, *inter alia*, its systematic and continuous contacts with the State of Texas.

**Granules Regularly Conducts Business in Texas**

17. Granules has purposefully conducted, and continues to conduct, business in Texas and in this Judicial District.

18. Granules is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and/or selling pharmaceutical products, including generic drug products, throughout the United States, including in Texas and in this Judicial District.

19. On information and belief, Granules, directly or through Granules's wholly-owned U.S. subsidiary, Granules Pharmaceuticals, Inc., distributes its products nationwide. Granules has issued voluntary recalls of products that were manufactured by Granules and distributed nationwide throughout the United States.

20. Granules has sought U.S. regulatory approval for numerous products, including through ANDA submissions.

21. Granules has purposefully directed activities at the State of Texas. Granules, directly or through its subsidiaries and agents, such as Granules Pharmaceuticals, Inc., manufactures, markets, imports, offers to sell, and/or sells pharmaceutical drug products, including products that are the subject of Granules's ANDA submissions, in Texas and in this Judicial District.

22. Granules's wholly-owned U.S. subsidiary, Granules Pharmaceuticals, Inc., is registered with the State of Texas as a wholesale distributor, under Registration No. 1002113. Another Granules subsidiary, Granules Consumer Health LLC, is registered with the State of Texas as a wholesale distributor under Registration No. 1000803.

23. Within the past three years (2024-2026), Granules Pharmaceuticals, Inc. has sold numerous pharmaceutical products in Texas. On information and belief, these sales were made by Granules Pharmaceuticals, Inc. acting as Granules's agent and/or distributor.

24. On information and belief, Granules has made significant sales of numerous pharmaceutical products in Texas within the past three years. On information and belief, the pharmaceutical products Granules has sold and distributed in Texas, through its U.S. subsidiaries, include: acetaminophen, bupropion HCL, butalbital, cetirizine HCL, dexmethylphenidate ER, esomeprazole magnesium, gabapentin, lisdexamfetamine, loratadine, metformin ER, metformin HCL, methocarbamol, methylphenidate ER, metoprolol succinate, naproxen, pantoprazole sodium, sertraline HCL, trazodone HCL, and venlafaxine HCL ER. On information and belief, millions of prescriptions of these products have been filled in Texas with Granules's generic products within the past three years.

25. The Texas Vendor Drug Program Formulary Drug Search lists GRANULES PHARMA in connection with numerous drug products, including the following: acetaminophen, amphetamine sulfate, bupropion HCl, butalbital/acetaminophen, butalbital/acetaminophen/caffeine, cetirizine HCl, clotrimazole, colchicine, dexmethylphenidate ER, esomeprazole magnesium, gabapentin, guaifenesin ER, hydrocodone/acetaminophen, ibuprofen, lisdexamfetamine dimesylate, loratadine, losartan potassium, metformin ER, metformin HCl, methocarbamol, methylergonovine maleate, methylphenidate ER, metoprolol succinate ER, naproxen, oxycodone HCl/acetaminophen, pantoprazole sodium, penicillamine, potassium Cl, prazosin HCl, ramelteon, sertraline HCl, trazodone HCl, Trospium Cl ER, valganciclovir HCl, and venlafaxine HCl ER.

26. Granules is an FDA-approved manufacturer, packager and/or labeler listed on the following drug products sold in Texas: Acetaminophen, Cetirizine HCL, Guaifenesin ER, Ibuprofen, Loratadine, Losartan POT, Metformin ER, Methocarbamol, and Naproxen.

27. FDA-approved labeling for Granules-labeled products identifies Granules's U.S. subsidiaries, including Granules USA, Inc. and Granules Pharmaceuticals, Inc., as distributors.

28. On information and belief, Granules marketed, offered for sale, sold, and/or distributed these pharmaceutical products in Texas through its wholly-owned U.S. subsidiaries, including Granules Pharmaceuticals, Inc.

29. On information and belief, some of these pharmaceutical products were marketed, offered for sale, sold, and/or distributed in this Judicial District.

**Upon FDA Approval, Granules Will Market, Offer for Sale, Sell, and/or Distribute its Generic Jakafi XR™ Products in Texas, Including in This Judicial District**

30. Granules submitted ANDA No. 221826 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug products that are the subject of Granules's ANDA ("Granules's Proposed Products"), throughout the United States, including in Texas and in this Judicial District, prior to the expiration of the patents-in-suit.

31. Based on Granules's prior actions of marketing, selling, distributing, and/or offering generic pharmaceutical products for sale in Texas, Texas and this Judicial District are likely destinations for Granules's Proposed Products.

32. On information and belief, Granules intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, marketing, distribution, and/or sale of Granules's Proposed Products in the United States, including in Texas and in this Judicial District.

33. On information and belief, Granules manufactures products outside the United States for importation, distribution, and sale in the United States, including in Texas and in this Judicial District.

34. On information and belief, upon FDA approval, Granules will sell and distribute Granules's Proposed Products directly or through its U.S. subsidiaries in the United States, including in Texas and in this Judicial District, and including through its existing distribution channels in Texas and in this Judicial District.

35. Incyte has sold and actively sells Jakafi XR™ in Texas. Upon approval, Granules's sales of its Proposed Products will displace Incyte's sales of Jakafi XR™ and/or will erode the price of Incyte's Jakafi XR™ products, resulting in harm to Incyte in Texas and in this Judicial District.

36. This Court has personal jurisdiction over Granules because Granules has purposefully directed activities at Texas and this action arises out of or relates to those activities.

37. This Court has personal jurisdiction over Granules pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) because Granules is subject to the jurisdiction of the courts of the State of Texas under Texas's long arm statute.

38. Alternatively, this Court has personal jurisdiction over Granules pursuant to Federal Rule of Civil Procedure 4(k)(2), including because (a) Incyte's claims arise under federal law; (b) Granules is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Granules has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA, including Granules's ANDA, and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, including Texas, such that this Court's exercise of jurisdiction over Granules satisfies due process.

39. For at least the foregoing reasons, venue is proper in this Judicial District for Granules pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Granules is a company organized and existing under the laws of India and may be sued in any judicial district.

## Acts Giving Rise to This Suit

40. Pursuant to Section 505 of the FFDCA, Granules submitted ANDA No. 221826 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Granules's Proposed Products, which are proposed generic versions of Incyte's approved Jakafi XR™ products, before the patents-in-suit expire.

41. On information and belief, following FDA approval of Granules's ANDA, Granules will make, use, sell, or offer to sell Granules's Proposed Products throughout the United States, including in Texas and in this Judicial District, and/or import such generic products into the United States.

42. On information and belief, following FDA approval of Granules's ANDA, Granules's Proposed Products will include prescribing information, similar to that for Jakafi XR™, that instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Granules's Proposed Products according to one or more of the methods claimed in the patents-in-suit.

43. Granules was aware of the patents-in-suit at least as early as its submission of Granules's ANDA, which included certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), and in any event prior to any launch of Granules's Proposed Products.

44. In connection with the submission of ANDA No. 221826 as described above, Granules provided written certifications to the FDA pursuant to Section 505 of the FFDCA, 21

U.S.C. § 355(j)(2)(A)(vii)(IV) ("Granules's Paragraph IV Certifications"), alleging that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Granules's ANDA.

45. Granules subsequently sent to Incyte written notice of Granules's Paragraph IV Certifications for the patents-in-suit ("Granules Notice Letter"), alleging that the claims of those patents are invalid and/or will not be infringed by the activities described in Granules's ANDA. Granules's written notice to Incyte conveyed that Granules seeks approval to market Granules's Proposed Products before the patents-in-suit expire. Granules's written notice did not exclude marketing its Proposed Products in Texas, or in any other state.

46. Granules issued a press release on October 7, 2026, announcing "that it has submitted a Paragraph IV certification in connection with its ANDA for Ruxolitinib Extended-Release Tablets with respect to applicable patents listed in the U.S. Food and Drug Administration's (FDA) Orange Book and has provided the required notice to the relevant parties in accordance with applicable U.S. regulatory requirements." Granules's press release further stated that Granules "believes that it is eligible for first-to-file status for Ruxolitinib Extended-Release Tablets. If confirmed by the FDA and all applicable statutory and regulatory requirements are satisfied, first-to-file status may provide eligibility for 180 days of generic drug exclusivity under U.S. law." The press release quoted Dr. Krishna Prasad Chigurupati, Chairman & Managing Director of Granules, as stating: "First-to-file opportunities are an important part of our strategy to build a more differentiated and higher-value product portfolio in the U.S. This filing reflects our focus on identifying technically and commercially attractive opportunities where our development and manufacturing capabilities can create sustainable value. We look forward to progressing the

product through the regulatory process." The press release does not exclude Granules marketing its Proposed Products in Texas, or in any other state.

47. Included in the Granules Notice Letter is an Offer of Confidential Access to ANDA No. 221826. The terms of the proposed Offer would not allow Incyte to conduct a complete and full investigation of the information contained in the ANDA and of the representations about Granules's Proposed Products that appear in the Granules Notice Letter. For example, the Offer would not allow in-house counsel to review the ANDA without agreeing to onerous limitations on the in-house counsel's ability to practice before the USPTO and the FDA, and would not allow an in-house scientist for Incyte to review the ANDA at all. The Offer of Confidential Access did not obligate Granules to produce the entire ANDA, but rather allowed Granules to redact the ANDA to remove information that Granules considered not relevant to the issue of infringement. Thus, Incyte could not agree to the terms of the original Offer of Confidential Access.

48. On October 5, 2026, counsel for Incyte sent a letter to counsel for Granules in an attempt to negotiate the terms of Incyte's access to ANDA No. 221826. Counsel for Granules responded on October 19, 2026, maintaining Granules's unreasonable restrictions for in-house counsel to obtain access to Granules's ANDA, refusing access for an in-house scientist from Incyte, and refusing to produce the entire ANDA. Incyte responded to Granules's letter on October 30, 2026, but the parties were not able to reach an agreement regarding access to ANDA No. 221826 prior to the expiry of the time period set forth in 21 U.S.C. § 355(j)(5)(B)(iii). Incyte thus makes these allegations based on information and belief, the laws and regulations regarding generic drugs, the Granules Notice Letter, and any supplements thereto.

49. Because Granules's Proposed Products have not yet been approved by FDA and are not yet commercially available, Incyte is not aware of any other means for obtaining

information about Granules's Proposed Products other than pursuant to an Offer of Confidential Access from Granules. In the absence of additional information, Incyte resorts to the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to confirm its allegations of infringement and present to the Court evidence that Granules's Proposed Products infringe one or more claims of the patents-in-suit.

**Count I: Infringement of the '616 Patent**

50. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

51. Granules's submission of ANDA No. 221826, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Granules's Proposed Products prior to the expiration of the '616 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

52. There is a justiciable controversy between the parties hereto as to the infringement of the '616 patent.

53. Unless enjoined by this Court, upon FDA approval of Granules's ANDA, Granules will infringe one or more claims of the '616 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules's Proposed Products in the United States.

54. Unless enjoined by this Court, upon FDA approval of Granules's ANDA, Granules will induce infringement of one or more claims of the '616 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules's Proposed Products in the United States. On information and belief, upon FDA approval of Granules's ANDA, Granules will

intentionally encourage acts of direct infringement with knowledge of the ’616 patent and knowledge that its acts are encouraging infringement.

55. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will contributorily infringe one or more claims of the ’616 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules’s Proposed Products are especially adapted for a use that infringes one or more claims of the ’616 patent and that there is no substantial non-infringing use for Granules’s Proposed Products.

56. Incyte will be substantially and irreparably damaged and harmed if Granules’s infringement of the ’616 patent is not enjoined.

57. Incyte does not have an adequate remedy at law.

58. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**Count II: Infringement of the ’927 Patent**

59. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

60. Granules’s submission of ANDA No. 221826, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Granules’s Proposed Products prior to the expiration of the ’927 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

61. There is a justiciable controversy between the parties hereto as to the infringement of the ’927 patent.

62. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will infringe one or more claims of the ’927 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States.

63. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will induce infringement of one or more claims of the ’927 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States. On information and belief, upon FDA approval of Granules’s ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the ’927 patent and knowledge that its acts are encouraging infringement.

64. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will contributorily infringe one or more claims of the ’927 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules’s Proposed Products are especially adapted for a use that infringes one or more claims of the ’927 patent and that there is no substantial non-infringing use for Granules’s Proposed Products.

65. Incyte will be substantially and irreparably damaged and harmed if Granules’s infringement of the ’927 patent is not enjoined.

66. Incyte does not have an adequate remedy at law.

67. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**Count III: Infringement of the ’864 Patent**

68. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

69. Granules’s submission of ANDA No. 221826, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Granules’s Proposed Products prior to the expiration of the ’864 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

70. There is a justiciable controversy between the parties hereto as to the infringement of the ’864 patent.

71. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will infringe one or more claims of the ’864 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States.

72. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will induce infringement of one or more claims of the ’864 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States. On information and belief, upon FDA approval of Granules’s ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the ’864 patent and knowledge that its acts are encouraging infringement.

73. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will contributorily infringe one or more claims of the ’864 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States. On information and belief, Granules has had and continues to have knowledge that

Granules's Proposed Products are especially adapted for a use that infringes one or more claims of the '864 patent and that there is no substantial non-infringing use for Granules's Proposed Products.

74. Incyte will be substantially and irreparably damaged and harmed if Granules's infringement of the '864 patent is not enjoined.

75. Incyte does not have an adequate remedy at law.

76. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count IV: Infringement of the '865 Patent**

77. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

78. Granules's submission of ANDA No. 221826, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Granules's Proposed Products prior to the expiration of the '865 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

79. There is a justiciable controversy between the parties hereto as to the infringement of the '865 patent.

80. Unless enjoined by this Court, upon FDA approval of Granules's ANDA, Granules will infringe one or more claims of the '865 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules's Proposed Products in the United States.

81. Unless enjoined by this Court, upon FDA approval of Granules's ANDA, Granules will induce infringement of one or more claims of the '865 patent under 35 U.S.C. § 271(b) by

making, using, offering to sell, selling, and/or importing Granules's Proposed Products in the United States. On information and belief, upon FDA approval of Granules's ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '865 patent and knowledge that its acts are encouraging infringement.

82. Unless enjoined by this Court, upon FDA approval of Granules's ANDA, Granules will contributorily infringe one or more claims of the '865 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules's Proposed Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules's Proposed Products are especially adapted for a use that infringes one or more claims of the '865 patent and that there is no substantial non-infringing use for Granules's Proposed Products.

83. Incyte will be substantially and irreparably damaged and harmed if Granules's infringement of the '865 patent is not enjoined.

84. Incyte does not have an adequate remedy at law.

85. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count V: Infringement of the '717 Patent

86. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

87. Granules's submission of ANDA No. 221826, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Granules's Proposed Products prior to

the expiration of the ’717 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

88. There is a justiciable controversy between the parties hereto as to the infringement of the ’717 patent.

89. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will infringe one or more claims of the ’717 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States.

90. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will induce infringement of one or more claims of the ’717 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States. On information and belief, upon FDA approval of Granules’s ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the ’717 patent and knowledge that its acts are encouraging infringement.

91. Unless enjoined by this Court, upon FDA approval of Granules’s ANDA, Granules will contributorily infringe one or more claims of the ’717 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules’s Proposed Products in the United States. On information and belief, Granules has had and continues to have knowledge that Granules’s Proposed Products are especially adapted for a use that infringes one or more claims of the ’717 patent and that there is no substantial non-infringing use for Granules’s Proposed Products.

92. Incyte will be substantially and irreparably damaged and harmed if Granules’s infringement of the ’717 patent is not enjoined.

93. Incyte does not have an adequate remedy at law.

94. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Incyte Corporation and Incyte Holdings Corporation respectfully request the following relief:

(A) A Judgment that Granules has infringed the patents-in-suit by submitting ANDA No. 221826 with the accompanying Paragraph IV Certifications and notice to Incyte of same;

(B) A Judgment that Granules has infringed, and that Granules's making, using, selling, offering to sell, and/or importing Granules's Proposed Products will infringe, one or more claims of the patents-in-suit;

(C) An Order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of FDA approval of ANDA No. 221826 be a date that is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(D) Preliminary and permanent injunctions enjoining Granules and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, and/or importing Granules's Proposed Products until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E) A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Granules, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which

Incyte is or becomes entitled;

(F) A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Granules's Proposed Products will directly infringe, induce infringement of, and/or contribute to infringement of the patents-in-suit;

(G) To the extent that Granules, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H) If Granules, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Granules's Proposed Products prior to the expiration of the patents-in-suit, a Judgment awarding damages and any other monetary relief permitted by law to Incyte resulting from such infringement, together with interest;

(I) A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J) A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K) A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L) Such further and other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: November 4, 2026

By: */s/ Melissa R. Smith*

Melissa R. Smith
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue

Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Of Counsel:*

Corrin N. Drakulich
Christina Brown-Marshall
**FISH & RICHARDSON P.C.**
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Email: *drakulich@fr.com, brown-marshall@fr.com*

Douglas E. McCann
Robert M. Oakes
Gregory R. Booker
**FISH & RICHARDSON P.C.**
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Telephone: (302) 652-5070
Email: *dmccann@fr.com; oakes@fr.com, booker@fr.com*

Deanna Reichel
**FISH & RICHARDSON P.C.**
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Email: *reichel@fr.com*

Caitlin M. Dean (TX Bar #24109797)
**FISH & RICHARDSON P.C.**
1 Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone: (617) 521-7057
Email: *cdean@fr.com*

*Attorneys for Plaintiffs Incyte Corporation and Incyte Holdings Corporation*